IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00706-GPG

JOHN H. JAMES,

    Applicant,

v.

WARDEN SUSAN JONES, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMSISAL

Applicant John H. James, has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, ECF No. 1, challenging the disposition of Case No. 2011CV214 in Colorado state court.   Applicant asserts that the state court case is a civil action and does not involve a sentence imposed against him.   He is seeking damages and reversal of the state district court order, and subsequent appeals, in Case No. 2011CV214.

The Court must construe the Application liberally because Applicant is not represented by an attorney.   See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the Court should not act as an advocate for a *pro se* litigant.   See *Hall*, 935 F.2d at 1110.   For the reasons stated below, the action will be dismissed for failure to state proper § 2254 claims and for lack of subject matter jurisdiction.

First, in a federal district court, "[t]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Furthermore, "[i]t is well-settled law that prisoners who wish to challenge only the conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits filed pursuant to 42 U.S.C. § 1983 . . . ." *See Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011).

The claims Applicant asserted in Case No. 2011CV214 clearly involve the conditions of his confinement and not the validity of his conviction or sentence. Applicant attached to the Application the Colorado Court of Appeals' (CCA) order that affirmed the state district court's order dismissing Case No. 2011CV214. *See* ECF No. 1-1 at 1-13. The CCA described Applicant's claims in its order that affirmed the state district court's dismissal of Case No. 2011CV214. The CCA stated that Applicant's claims addressed the denial of his noon meal, which he claims created a medical problem because he is diabetic. *Id.* at 2. The CCA also stated that Applicant claimed his diabetic snacks were removed from his cell, his scheduled medical appointments were cancelled because he allegedly had refused medical treatment and therapy, and he was denied food in retaliation for filing a grievance. *Id.* Finally, the CCA stated that Applicant sought money damages and amendment of the DOC food service policies. *Id.*

Although Applicant does not specifically address in this action the conditions of confinement claims he raises in Case No. 2011CV214, the relief he requests in this case is the same relief he requested in Case No. 2011CV214. *See* ECF No. at 8-16. Money damages and an amendment of the DOC food service policies is not available in a

§ 2254 action. Because Applicant is seeking relief in this § 2254 action from a judgment in state court that involved conditions of confinement claims and not constitutional violations in his state criminal proceedings, this § 2254 action will be dismissed.

Second, pursuant to Fed. R. Civ. P. 12(h)(3), the Court must dismiss an action if it lacks subject matter jurisdiction.

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

The issue of subject matter jurisdiction may be raised sua sponte by a court at any time during the course of the proceedings. *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988). Furthermore, statutes conferring jurisdiction on federal courts must be strictly construed. *See United States v. Pethick*, 513 F.3d 1200, 1202 (10th Cir. 2008).

The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding generally "is barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal

rights."). Review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257. *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

Even if Applicant were to raise his claims in a prisoner complaint in this Court, the Court lacks subject matter jurisdiction to review the claims. Because this Court would have to review and reject the state court findings in Case No. 2011CV214 to grant Applicant's relief, the claims are clearly within the scope of the *Rooker-Feldman* doctrine. *See Mann v. Boatright*, 477 F.3d 1140, 1147 (10th Cir. 2007). Dismissal of this action, therefore, is proper for lack of subject matter jurisdiction.

Finally, the Court notes that Applicant is subject to filing restrictions pursuant to 28 U.S.C. § 1915(g). In relevant part, § 1915 provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Applicant, on three or more prior occasions, has brought an action in this Court that was dismissed on the grounds that it was legally frivolous. *See James v. Pittman*, No. 97-cv-01394-WYD (D. Colo. Dec. 11, 1997); *James v. Filer*, No. 94-cv-02427-DBS (D. Colo. Jan. 26, 1995)*; James v. Neal, et al.*, No. 94-cv-02396-DBS (D. Colo. Dec. 20, 1994), *aff'd*, No. 95-1040 (10th Cir. May 8, 1995). The Court's § 1915(g) determination in each of the above-noted cases complies with *Hafed v. Fed. Bureau of Prisons, et al.*, 635 F.3d 1172 (10th Cir. 2011).

Applicant is warned that he may not circumvent filing restrictions under 28 U.S.C. § 1915(g) by filing conditions of confinement claims in a habeas corpus action.

For the reasons stated above, this action will be dismissed for failure to assert proper claims pursuant to 28 U.S.C. § 2254 and for lack of subject matter jurisdiction.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.   See *Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.   Accordingly, it is

ORDERED that the Application is denied and the action dismissed with prejudice for failure to assert proper claims pursuant to 28 U.S.C. § 2254 and for lack of subject matter jurisdiction.   It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right or that this Court was incorrect in its procedural ruling.   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.   It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED March 31, 2016, at Denver, Colorado.

                                        BY THE COURT:

                                        s/Lewis T. Babcock
                                        LEWIS T. BABCOCK, Senior Judge
                                        UNITED STATES DISTRICT COURT